Mabel Ball, Widow of John Ball, Deceased, Appellant, *v.* Workmen's Compensation Appeal Board, Appellee.

158

Argued January 9, 1975, before Judges KRAMER, WILKINSON, JR. and MENCER, sitting as a panel of three.

*Stephen D. Marriner,* with him *McCreight, Marriner & McCreight,* for appellant.

*L. V. Jackson,* with him *Harold V. Fergus, Jr., Fergus, Martin and Fergus,* and *James N. Diefenderfer,* for appellee.

OPINION BY JUDGE MENCER, May 22, 1975:

In this workmen's compensation case, Mabel Ball (claimant) appeals from a decision of the Workmen's Compensation Appeal Board (Board) which reversed a referee's award of attorney's fees and failed to award penalties to the claimant.

On September 29, 1972, claimant's husband, John Ball, an employee of Universal Cyclops Steel Corporation (employer), suffered fatal injuries when he fell to the floor on the employer's premises while in the course of

his employment. Claimant filed a fatal claim petition under The Pennsylvania Workmen's Compensation Act (Act)[1] and was subsequently awarded compensation after a hearing before a referee. The referee also awarded claimant attorney's fees on the basis of his conclusion of law that the employer had failed to establish a reasonable basis for contesting the claim under Section 440 of the Act, *added* by Section 3 of the Act of February 8, 1972, P. L. 25, 77 P.S. §996 (Supp. 1974-75). The employer appealed to the Board, which affirmed the referee's award of compensation but reversed the award of attorney's fees, concluding that there was a reasonable basis for the employer's contest of the claim. Claimant then appealed to us.

Section 440 reads in pertinent part as follows:

"In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established: And provided further That if the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer."

In *Weidner v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 561, 332 A. 2d 885 (1975),

---

1. Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §1 et seq.

we interpreted this section to mean that the award of attorney's fees is the rule in these cases and their exclusion is the exception to be applied in cases in which the record establishes that the employer's contest is reasonably based.

The question of reasonableness of contest, while including factual queries, is ultimately a question of law. *Hartman v. Workmen's Compensation Appeal Board,* .... Pa. Commonwealth Ct. ...., 333 A. 2d 819 (1975). It was therefore within the Board's power to reverse the conclusion of the referee on this point, and it is within this Court's scope of review to examine the conclusion reached by the Board. We find that the Board's conclusion that there was a reasonable basis for the employer's contest is legally sound.

Section 301(c) of the Act, *as amended* by the Act of March 29, 1972, P. L. 159, No. 61, §7, 77 P.S. §411 (Supp. 1974-75), defines a compensable injury under the Act as follows:

"(1) The terms 'injury' and 'personal injury' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, *arising in the course of his employment and related thereto,* and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury; and wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury and its resulting effects, and occurring within three hundred weeks after the injury. The term 'injury arising in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; but shall include all other injuries sustained while the employe is actually engaged in the

furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment." (Emphasis added.)

The record reveals that, at the time of his injury, John Ball was standing in front of the company bulletin board when, for some inexplicable reason, he fell backwards and struck his head on the cement floor. No evidence was ever presented as to the reason for his fall.[2] The hospital records and pathologist's reports all revealed that John Ball's death was caused by a skull fracture resulting from his head's striking the cement floor.

Although it was clear that the deceased expired from a fractured skull received in a fall, we find that the unexplained nature of the fall presented a reasonable defense for the employer that the deceased's injury was *not shown to be related to his employment* as required by Section 301(c). Since the burden of proving a compensable injury is on the claimant, *see Hinkle v. H. J. Heinz Company*, 7 Pa. Commonwealth Ct. 216, 298 A. 2d 632 (1972), we do not find it unreasonable for the employer to have contested liability for an injury sustained in an unexplained fall.[3] Moreover, the fact that there have been no cases in this Court interpreting what is now a compensable injury under Section 301(c), since its

---

2. The employer contended that deceased's injury was caused by a stroke, but the record does not contain any evidence supporting this contention.

3. A discussion of the treatment of "unexplained fall" cases under the workmen's compensation laws of various states is found in 1 A. Larson, The Law of Workmen's Compensation §10.31

amendment effective May 1, 1972, militates for the conclusion that there was a reasonable basis for the employer's contest in this case.

Claimant's second argument on appeal is that the Board erred in failing to award penalties as provided by the Act.

Section 435 of the Act, *added* by the Act of February 8, 1972, P. L. 25, No. 12, §3, 77 P.S. §991 (Supp. 1974-75), provides that the Board shall have the power to impose penalties for violations of the provisions of the Act or the Board's rules and regulations. Claimant, by a petition dated May 9, 1974, requested the Board to impose penalties under Section 435, citing various violations of the Act and the Board's rules by the employer. The Board, in its opinion and order dated May 23, 1974, failed to impose penalties and made no mention of claimant's request for same.

We find that the Board erred in denying claimant's petition without first holding a hearing to determine whether penalties were warranted under Section 435. In *Sherred v. Pittsburgh,* 7 Pa. Commonwealth Ct. 401, 299 A. 2d 381 (1973), we stated that it was impossible for us to perform our scope of review when the Board's adjudication fails to include any findings of fact or conclusions of law. We think that the same reasoning enunciated in *Sherred* makes it mandatory that the Board grant a hearing and make the requisite findings of fact and conclusions of law before it awards or refuses to award penalties under Section 435. We therefore issue the following

ORDER

AND NOW, this 22nd day of May, 1975, the Workmen's Compensation Appeal Board's order denying the award of attorney's fees is affirmed, and the record is remanded to the Workmen's Compensation Appeal Board with the direction that a hearing be held on Mabel Ball's petition for the application of penalties under Section 435 of The Pennsylvania Workmen's Compensation Act.