John J. Ratchko, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and J. Bass and Company, Respondents. J. Bass & Co. and PMA Insurance Co., Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John J. Ratchko, Respondents.

Argued June 10, 1977, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*Joseph A. McKenna,* with him *James J. Riley,* and *Williamson, Friedberg & Jones,* for John J. Ratchko.

*James P. Harris, Jr.,* with him *Harris, Johnston & Maguire,* for J. Bass & Co.

*James N. Diefenderfer,* for Board.

OPINION BY JUDGE CRUMLISH, JR., September 14, 1977:

This is an appeal from a decision of the Workmen's Compensation Appeal Board (Board) which reversed a referee's award of attorney's fees to claimant, John J. Ratchko.

Claimant suffered an accidental injury in the course of his employment with J. Bass & Company (Employer) resulting in the amputation of the distal two phalanges of each of the four fingers of his left hand, a 50 percent limitation of motion to the distal joint of the left thumb, and loss of sensation on the palmar surface of the thumb.

By agreement, compensation benefits were paid by Employer's carrier specifically for the loss of four fingers of the left hand.

Upon recovery, Claimant returned to work at the same job he had when the accident occurred, and at the same wage rate. Because of his injury, Claimant was unable to adequately perform his job and was given duties which did not require the use of his left hand. Approximately two months after returning to work, Claimant petitioned the Bureau of Occupational Injury and Disease Compensation (Bureau) to review the provisions of his compensation agreement with Employer, alleging that it was materially defective in that it provided compensation only for loss of four fingers and not for the loss of use of the hand. The Bureau's referee found that Claimant lost the use of his hand for all practical intents and purposes and that he was entitled to payment of workmen's compensation benefits for such a loss. The referee also awarded attorney's fees to Claimant. Employer appealed to the Board. The Board affirmed the referee's finding as to loss of use of the hand and reversed the award of attorney's fees without taking additional evidence. Claimant then appealed to us.

Section 440 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996, provides in material part:

> In any contested case where the insurer has contested liability in whole or in part, the employe . . . in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee . . . Provided, That cost for attorney's fees may be excluded when a reasonable basis for the contest has been established.

Questions of reasonableness of Employer's contest for purposes of the grant of attorney's fees go beyond mere findings of fact. It is a legal conclusion that must be arrived at based on the facts as found by the referee, supported by substantial evidence on the record. *Hartman v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 609, 333 A.2d 819 (1975).

In a workmen's compensation case where the party with the burden of proof prevailed before the referee and the Board took no additional evidence, review by this Court is to determine whether an error of law was committed or necessary findings of fact of the referee were unsupported by substantial evidence. *Fox v. Workmen's Compensation Appeal Board,* 30 Pa. Commonwealth Ct. 93, 373 A.2d 141 (1977).

By awarding attorney's fees to Claimant, the referee concluded as a matter of law that Employer's contest was unreasonable. We find that this conclusion was supported by substantial evidence on the record and that no error of law was committed by the referee.

Under Section 440 of The Pennsylvania Workmen's Compensation Act. 77 P.S. §996, attorney's fees will be awarded a claimant prevailing in a contested

case unless the record establishes that the employer's contest was reasonably based. *Ball v. Workmen's Compensation Appeal Board,* 19 Pa. Commonwealth Ct. 157, 340 A.2d 610 (1975). *See also Crangi Distributing Co. v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 530, 333 A.2d 207 (1975).

Upon his return to employment, Claimant was assigned to the job he had when the accident occurred. Because of his injury, Claimant was unable to adequately perform his job and was given duties which did not require use of the left hand.

Prior to the hearing before the Bureau, Employer arranged for an examination of Claimant's left hand. The report of the examining physician was submitted to Employer and it stated in relevant part:

> [Claimant's] thumb is tender over the graft and there is no feeling in it in this area. *He cannot use his hand much.* He can't do heavy work except he uses it to brace his right hand. (Emphasis added.)

At the hearing before the Bureau, there was no conflicting medical testimony. Employer's medical expert testified that he agreed with the opinion of Claimant's medical witness that Claimant had lost the use of his left hand for all practical intents and purposes. Claimant's lack of dexterity and inability to maintain his grasp on items such as a book, a paper weight, and a paper stapler was demonstrated before the referee.

We find that these facts support the referee's conclusion that Employer's contest was unreasonable. Accordingly, we

## ORDER

AND Now, this 14th day of September, 1977, the award of the referee is reinstated and the order of the Workmen's Compensation Appeal Board is set aside.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 310(d).