Spatola & Thompson and The Atlantic Companies, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Margaret Kissell, Widow, John Kissell, Jr., Deceased, Respondents.

Margaret Kissell, Widow, John Kissell, Jr., Deceased, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Spatola & Thompson and The Atlantic Companies, Respondents.

Argued April 5, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*William F. Sweeney,* with him *Harvey, Pennington, Herting & Renneisen, Ltd.,* for Spatola & Thompson and The Atlantic Companies.

*Alfred Marrolètti,* for Margaret Kissell.

OPINION BY JUDGE ROGERS, May 30, 1979:
Spatola & Thompson and The Atlantic Companies, whom we will refer to as the employers, and Margaret Kissell, a claimant of survivors' workmen's compensation benefits, have appealed from a decision of the

Workmen's Compensation Appeal Board affirming and amending a referee's decision awarding benefits to Mrs. Kissell.

Mrs. Kissell is the widow of John Kissell, who was employed as a warehouseman by Spatola & Thompson on the day of his death, July 8, 1974. On that day, Mr. Kissell was injured when a case of canned goods struck him on the chest, causing him shortness of breath. He reported the occurrence to his employers, who told him to go to the hospital. While waiting to be examined at the hospital, Mr. Kissell suffered a fatal myocardial infarction.

On November 26, 1975, Mrs. Kissell filed a fatal claim petition on behalf of herself and a minor son. A referee, after hearing, awarded compensation of $158.18 a week from the date of Mr. Kissell's death until December 26, 1977, the son's eighteenth birthday, and $121.01 a week thereafter. The referee also directed the employers to pay a penalty of 20% of the amount of the award for unreasonable and excessive delay (pursuant to Section 435(d)(i) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, added by Act of February 8, 1972, P.L. 25, §3, 77 P.S. §991(d)(i)), and in addition 20% of the amount of the award as claimant's attorney's fees (pursuant to Section 440 of the Act, 77 P.S. §996). The employers appealed the referee's order to the Appeal Board, which reversed the orders for payment of penalty and attorney's fees and which reduced the amount of the award to $142.36 a week for the period preceding the son's eighteenth birthday.

The employers first say that there is no competent evidence in the record supporting the finding that Mr. Kissell's death was related to his employment. We disagree. Dr. Victor A. DiGilio, a specialist in internal medicine with extensive experience in the

treatment of cardiovascular disease, testified that the stress of the blow to the chest by a box was the "material precipitating cause of this man's death." Dr. DiGilio based his opinion on Mr. Kissell's hospital records and on the facts of record concerning Mr. Kissell's injury recited in a proper hypothetical question.

The employers next say that the referee erred in permitting Mrs. Kissell to testify that her husband told her in a telephone conversation after the accident that he was experiencing a slight pain in his chest. The admission of this testimony, if it was error, was harmless. The referee found only that Mr. Kissell experienced trouble breathing prior to his fatal heart attack. It was on this, not the presence of pain, that Dr. DiGilio based his opinion.

The employers' final argument is that the Board applied the wrong statute in calculating benefits. We agree. The rate of compensation is determined by the law in effect at the time of the injury. *Polk v. Western Bedding Co.*, 145 Pa. Superior Ct. 142, 20 A.2d 845 (1941). At the time of Mr. Kissell's death, Section 307 of the Act, 77 P.S. §561, provided in part:

> In case of death, compensation shall be computed on the following basis, and distributed to the following persons:
>
> . . . .
>
> 2. To the widow or widower, if there be no children, fifty-one percentum of wages, but not in excess of *sixty-six and two-thirds percentum of* the Statewide average weekly wage.
>
> 3. To the widow or widower, if there be one child, sixty percentum of wages, but not in excess of *sixty-six and two-thirds percentum of* the Statewide average weekly wage. (Emphasis added.)

Section 307 was amended effective February 3, 1975 to delete those portions of the statute to which we

have added emphasis. The effect of this was to increase maximum allowable death benefits in each category to the full amount of the statewide average weekly wage.

Mr. Kissell's weekly wage was $237.27; 60% of that amount is $142.36. The statewide weekly wage for the fiscal year ending June 30, 1974 was $159.00, and 66-2/3% of that amount is $106.00. The referee's award of $158.18 a week for the period preceding December 27, 1977 was obviously in error as the Board correctly found. The Board fixed as the amount of the award for the first period $142.36 a week. This also was wrong because the Board mistakenly applied the amended version of Section 307(3), not in effect when Mr. Kissell died, which allowed death benefits of up to the full amount of the statewide average weekly wage, $159.00. The statute in effect at the time of Mr. Kissell's death limited benefits to 66-2/3% of the statewide average or $106.00. We therefore modify the Board's award for the period from July 8, 1974 to December 26, 1977 from $142.36 per week to $106.00 per week.

The Board affirmed the referee's award of $121.01 per week commencing December 27, 1977. This was also in error. Section 307(2) provided in its unamended version that the compensation of a widow without a child could not exceed 66-2/3% of the statewide average weekly wage. We therefore modify the award for the period commencing December 27, 1977 from $121.01 per week to $106.00 per week.

Mrs. Kissell's appeal raises the propriety of the Appeal Board's disallowance of penalty and attorney's fees. The question of penalty turns on whether the employers caused unreasonable or excessive delays. Notice and hearing must be afforded the employer on this issue and the record must contain evidence of a violation of the statute in support of the

imposition of the penalty. *Crangi Distributing Co. v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 530, 333 A.2d 207 (1975). Not only was there here neither notice nor hearing with respect to penalty, the record contains no evidence of unreasonable or excessive delays. The Board correctly deleted the referee's award of penalties.

Section 440 of the Act, 77 P.S. §996, provides that reasonable attorney's fees shall be awarded unless the employer or insurer establishes a reasonable basis for the contest. The question of whether a contest is reasonable is one of law which must be based on the facts as found by the referee and supported by the evidence in the record. *Ratchko v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 585, 377 A.2d 1012 (1977). The referee awarded attorney's fees on the basis of the following finding of fact:

> 8. That the Defendant did not have a reasonable basis upon which to contest this matter and further, other than medical testimony, which the Referee finds not credible, the Defendant did not present any other evidence in defense of this claim.

This finding of fact is, as we have noted, the referee's conclusion of law based apparently on his disregard of the testimony of the employers' expert witness. The question however is not whether the referee believed the employers' witness but whether the opinion of the witness provided a reasonable basis for the petitioner's contest of the claim. The witness was a qualified cardiologist whose expert opinion was that a blow to the chest could not have caused Mr. Kissell's heart attack. This testimony was substantial evidence of a reasonable contest. The Appeal Board properly reversed the referee's award of attorney's fees.

### ORDER

AND Now, this 30th day of May, 1979, the Order of the Workmen's Compensation Appeal Board is modified so as to provide that the respondent Spatola & Thompson, and/or its insurance carrier, Atlantic Mutual Insurance Company, is ordered to pay the claimant, Margaret Kissell, compensation at the rate of $106 a week commencing July 8, 1974 and continuing for an indefinite time into the future as provided by The Pennsylvania Workmen's Compensation Act; as so modified the Board's order is affirmed. Judgment is entered in favor of Margaret Kissell and against the respondents for the weekly payments above ordered and also for medical expenses and the statutory burial fee of $750. All amounts awarded shall bear interest at the rate of 10% from the date due.