Connie L. Landis, Widow of Johnathan Landis, Deceased, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Zimmerman Motors, Inc., Respondents.

Argued March 9, 1979, before Judges CRUMLISH, JR., DISALLE and CRAIG, sitting as a panel of three.

*Lester H. Zimmerman, Jr.,* with him *Barron & Zimmerman,* for appellant.

*Joseph P. Green,* with him *Litke, Lee, Martin, Grine & Green,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., June 22, 1979:

Connie L. Landis (Claimant) appeals a determination by our Workmen's Compensation Appeal Board that her late husband's employer, Zimmerman Motors, Inc., is not liable for the payment of her attorney fees, contending that Zimmerman's petition for review of compensation agreement was unreasonable.

We affirm.

The pertinent facts follow: Claimant, the widow of Johnathan Landis who was killed in January, 1973, in a vehicular accident during the course of his employment, filed a fatal claim petition which resulted in a compensation agreement whereby she received weekly benefits in the amount of $85.17. Zimmerman sought review of the agreement in September, 1974, alleging that it had mistaken Claimant's eligibility under Section 307 of The Pennsylvania Workmen's Compensa-

tion Act,[1] 77 P.S. §562, which provides that a widow is not eligible for benefits if she is not living with and dependent upon decedent for a substantial portion of her support at the time of his death.

Her eligibility for compensation was favorably determined by a referee after a hearing but the referee failed to provide for payment of her attorney fees because she did not request them. These fees were put in issue before the Board on cross appeals but Claimant withdrew her petition for counsel fees prior to any Board action on the appeals. The Board subsequently affirmed the referee's determination of Claimant's eligibility for compensation.

Claimant then appealed to our Court. After hearing her appeal, we affirmed the Board's denial of fees because Claimant had failed to first petition either the Board or the referee for allowance of counsel fees. *Landis v. Zimmerman Motors, Inc.*, 27 Pa. Commonwealth Ct. 99, 365 A.2d 190 (1976).

Claimant then filed a petition for allowance of fees with the Board, which in turn referred the petition to a referee. The referee made several findings of fact, only one of which is pertinent to our consideration:

> THIRD. The Referee after a hearing held on January 22, 1975 to Review Petition No. 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 found that no material facts were presented different from those known to the defendant carrier at the time of the Notice of Compensation Payable; and that Connie L. Landis was a widow within the meaning of the Act in need of substantial support from Johnathan Landis, and that the Compensation Agreement was not based upon a mistake and that Connie L. Landis was entitled to compensation.

---

[1] Section 307 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §562.

The Board set aside this finding on the grounds that it was totally without evidentiary support and dismissed the petition. It is this decision of the Board which we must judge on this appeal.

Attorney fees may be excluded from a claimant's award under Section 440 of the Act, 77 P.S. §996, where the employer's contest of liability has a reasonable basis, a question of law which must be based on factual findings supported by record evidence. *Ratchko v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 585, 377 A.2d 1012 (1977).

The compensation agreement was unsuccessfully attacked by Zimmerman which, at the hearing, adduced evidence in support of its contention that claimant was ineligible under Section 307 of the Act. Notwithstanding evidence that the couple had been separated for three months prior to Landis' death, that he had commenced divorce proceedings, that she was employed, and that during the three month separation Landis had contributed minimal support, the referee chose to accept Claimant's testimony that she required Landis' financial support.

The conclusion of the referee and the Board that Claimant was eligible for compensation does not, per se, determine the reasonableness of Zimmerman's contest. We have held that where the evidence lends itself to contrary inferences or where there is conflicting evidence as to material facts, the contest may be adjudged "reasonable." *Ball v. Workmen's Compensation Appeal Board,* 19 Pa. Commonwealth Ct. 157, 340 A.2d 610 (1975); *Hartman v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 609, 333 A.2d 819 (1975).

The referee erred in finding that Zimmerman's petition to review the compensation agreement was based on facts known to Zimmerman at the time the agreement was executed. The referee heard *no* evidence of

Zimmerman's awareness of a valid dispute at the time of the execution of the agreement. The only evidence on the issue of fees heard by the referee came from Claimant who simply recounted the legal services rendered and the agreed rate of compensation. There is no evidence indicating that Zimmerman's petition was frivolous or was pressed solely for the purpose of harassment. *See Workmen's Compensation Appeal Board v. Denny,* 25 Pa. Commonwealth Ct. 395, 360 A.2d 306 (1976).

Accordingly, we

ORDER

AND Now, this 22nd day of June, 1979, we affirm the order of the Workmen's Compensation Appeal Board denying the award of counsel fees in the above captioned case dated March 30, 1978.