John Francis Cavanaugh, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and United States Steel Corp., Respondents.

Argued March 13, 1980, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Patrick F. McArdle,* with him *McArdle, Carocelli, Spagnolli & Beachler,* for petitioner.

*Roger L. Wisa,* with him, *James D. Strader* and *Louis A. Raimond,* for respondents.

OPINION BY JUDGE WILKINSON, JR., April 15, 1980:

Petitioner (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming and modifying the referee's order which awarded to Claimant workmen's compensation and attorney's fees without any diminution of the compensation, interest and costs awarded to Claimant. The Board directed the respondent (Employer) to deduct the attorney's fees from the award. Claimant contends that the Board erred in concluding that the Employer had a reasonable basis for the contest and seeks reinstatement of the award by the referee.

Section 440 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996, provides in pertinent part:

> In any contested case where the insurer has contested liability in whole or in part, the employe . . . in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee . . . Provided, That cost for attorney's fees may be excluded when a reasonable basis for the contest has been established. . . .

"[T]he award of attorney's fees is the rule and their exclusion is the exception to be applied in cases where the record establishes that the employer's or carrier's contest is reasonably based." *Weidner v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 561, 565, 332 A.2d 885, 887 (1975). Whether there

exists a reasonable basis for a contest of liability is a question of law based on the record, on which the Board could rule. *Harmar Coal Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 98, 381 A.2d 215 (1977).

On August 22, 1977 Claimant sustained a crushtype injury to his left index finger in the course of his employment as a roll turner for Employer. An agreement for compensation for the loss of one-half of the finger was filed with the Bureau of Occupational Injury and Disease Compensation on September 22, 1977. On May 4, 1978 Claimant filed his claim petition seeking compensation under Section 306(c) (10) of the Act, 77 P.S. §513(10), for the loss of use of his left index finger. Employer filed an answer denying the material allegations made in Claimant's petition.

At the first hearing before the referee Claimant testified as to the nature of his injury and extent of his loss, but produced no medical evidence setting forth an expert opinion concerning the loss of use of Claimant's left index finger. Employer's counsel cross-examined Claimant. The fact that Employer's only evidence was that which it adduced by cross-examination does not render its basis for contest per se unreasonable. *Vovericz v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 94, 398 A.2d 734 (1979). The case was continued so that Claimant could be examined by a doctor on Claimant's behalf and by a doctor on behalf of the Employer. Those examinations were conducted and the opinions expressed by both doctors in their medical reports, received into evidence, confirmed the validity of the claim. The above mentioned orders of the referee and of the Board were subsequently issued.

Claimant places great reliance upon *Ratchko v. Workmen's Compensation Appeal Board,* 31 Pa. Com-

monwealth Ct. 585, 377 A.2d 1012 (1977), wherein this Court set aside a Board order denying recovery of attorney's fees. In *Ratchko, id.,* the distal phalanges of the four fingers on the employee's left hand were amputated as a result of an accidental injury suffered in the course of his employment. Upon his return to employment the employee was unable to adequately perform his former job. The employer gave him new duties which did not require use of the employee's left hand. The employee sought compensation for the loss of use of his left hand. Prior to the hearing, the employer arranged for an examination of the employee's left hand and received the report of the examining physician. At the hearing there was no conflicting medical testimony; the employer's own medical expert agreed that the employee had lost the use of his left hand for all practical intents and purposes. We found that the facts in *Ratchko* supported the referee's conclusion that the employe's contest was unreasonable and reinstated the referee's award of attorney's fees.

The employer in *Vovericz, supra,* did not produce any medical evidence conflicting with the claim of the employee therein. Yet this Court did not rule that the employer had contested liability unreasonably. We distinguished *Ratchko* on the basis that there was not present in *Vovericz* "the obvious knowledge of the employer found in *Ratchko.*" 41 Pa. Commonwealth Ct. at 102, 398 A.2d at 738.

In contrast with *Ratchko,* the Employer in the instant case did not change the Claimant's job duties and claimant continued to perform them satisfactorily as before the accident. The employer had no knowledge of the validity of the claim until shortly before the proceedings before the referee were completed and all that remained was for the referee to issue a decision. We find no error by the Board.

Accordingly, we will enter the following

ORDER

AND Now, April 15, 1980, the order of the Workmen's Compensation Appeal Board, Docket No. A-76001, dated April 6, 1979, is affirmed. It is ordered that judgment be entered in favor of claimant John Francis Cavanaugh, Jr. and against United States Steel Corporation in the amount of $199.00 per week for a period of 50 weeks beginning August 23, 1977, less 25 weeks, with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, and the sum of $81.60, all within the terms and limits of The Pennsylvania Workmen's Compensation Act. United States Steel Corporation is further directed to pay to Patrick F. McArdle, claimant's attorney, the sum of $50.00 for medical expenses, and attorney's fees in the amount of 20 percent of the award. Said attorney's fees are to be deducted from the claimant's award. All remaining compensation, together with interest, is to be paid directly to John Francis Cavanaugh, Jr.