United States Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Wilma C. Repko, Widow of Joseph C. Repko, Deceased, Respondents.

Argued November 20, 1980, before Judges WILKIN-SON, JR., MacPHAIL and WILLIAMS, JR., sitting as a panel of three.

*James D. Strader*, with him *Robert C. Jones*, for petitioner.

*Jay D. Glasser*, for respondents.

OPINION BY JUDGE WILKINSON, JR., December 11, 1980:

This appeal arises from an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision awarding survival benefits and attorney's fees to Wilma C. Repko (claimant). We affirm the granting of benefits but reverse the award of attorney's fees.

Decedent was employed by petitioner (employer) as an overhead crane operator. His job required him to remove the lid from a box-shaped furnace, lift and maneuver heavy slabs of steel into the furnace, and

replace the lid. He had to watch out for workers who might be in dangerous areas beneath the crane and for the possibility that the steel slabs might hit and rupture utility gas lines. Claimant, decedent's widow, testified that decedent considered the work to be "exacting" and that it put him under a great deal of strain. To enter or leave the cab of the crane, decedent had to climb up and down several flights of open steps and walk across a cat-walk above the millyard. On March 24, 1975, near the end of his shift, and after completing all the work assigned, decedent came down from the crane cab, went into a crew "shanty" in the yard, sat down, and died soon after of a heart attack.

Claimant filed a fatal claim petition under The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq. and was subsequently awarded compensation and attorney's fees after a hearing before a referee. The Board affirmed[1] and employer appeals.

Employer first asserts that there was no substantial competent evidence to support the referee's decision that decedent's heart attack was causally connected to his employment. Where no *obvious causal relationship exists* between decedent's employment and his death, unequivocal medical evidence establishing such relationship must be produced by the claimant. *Heffer v. GAF Corp.,* 29 Pa. Commonwealth Ct. 365, 370 A.2d 1254 (1977). The main source of evidence concerning causation was a deposition of Dr. John R. Misage, decedent's family physician, who, in response to a long hypothetical question unequivocally testified that decedent's heart attack was related to his work. Employer offered no medical testimony contradicting Dr. Misage's testimony. Instead, employer now com-

---

[1] The Board, in affirming the referee's award, also amended the award by correcting a clerical error made as to the rate of compensation.

plains that the hypothetical question posed of Dr. Misage was improperly framed. Close scrutiny of the facts in evidence and the facts contained within the hypothetical question reveals that the difference in the actual facts and the assumed facts were not so great that the question was rendered improper. Furthermore, even if the question was improper, employer's counsel's failure to object at the time the question was asked precludes this attack on the question's propriety. *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Co.*, 19 Pa. Commonwealth Ct. 90, 95, 338 A.2d 744, 747 (1975). Keeping in mind our limited scope of review, *Workmen's Compensation Appeal Board v. Auto Express, Inc.*, 21 Pa. Commonwealth Ct. 559, 561, 346 A.2d 829, 831 (1975), we must hold that substantial evidence supports the referee's conclusion that decedent's heart attack was causally related to the rigors of his employment.

On the issue of attorney's fees, employer argues that a reasonable basis for contesting the claim existed and, therefore, that the referee's award of counsel fees under Section 440 of the Act, *added by* Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996, was improper. Whether the employer's contest of liability has a reasonable basis is a conclusion of law which must be based on the facts as found by the referee and supported by record evidence. *Landis v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 491, 402 A.2d 723 (1979).

In *Ratchko v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 585, 377 A.2d 1012 (1977), we held that a contest was unreasonable where no conflicting medical evidence was presented on the issue of claimant's disability. But, we have also held that where employer's only evidence was that which it adduced by cross-examination the basis for contest is not per se unreasonable. *Cavanaugh v. Workmen's*

*Compensation Appeal Board*, 50 Pa. Commonwealth Ct. 495, 413 A.2d 442 (1980). In the case at bar, employer's evidence consisted of cross-examination of claimant's medical witness and the testimony of four of decedent's co-workers. Although the testimony of decedent's co-workers concerning the amount of stress encountered on the job did not persuade the referee, it does indicate a reasonable basis for employer's contest. Furthermore, the factual setting involved here, the heart attack occurring when decedent was not concurrently engaged in any physical exertion, presented a reasonable defense for the employer. Finally, it is clear from a survey of the many heart attack cases reviewed by this Court that just because an employee sustains a heart attack while at work does not mean that his death or disability is "related thereto" as required by Section 301(c) of the Act, 77 P.S. §411(1). *See, e.g., Rosenberry Brothers Lumber Co.. v. Workmen's Compensation Appeal Board*, 36 Pa. Commonwealth Ct. 283, 387 A.2d 526 (1978); *Hudack v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 508, 379 A.2d 1074 (1977); *Heffer v. GAF Corp., supra*. The Board[2] and the referee erred in concluding that employer's contest was unreasonable.

Accordingly, we will enter the following

### ORDER

AND Now, December 11, 1980, the order of the Workmen's Compensation Appeal Board, Docket No. A-77093, dated November 3, 1977 is affirmed in part and reversed in part. The Board's award of attorney's fees is reversed and in all other respects the Board's order is affirmed. It is ordered that judgment be entered in favor of claimants, Wilma C. Repko and David V. Repko, and against United States Steel Corpora-

---

[2] The Board did not mention the question of the award of attorney's fees, albeit it affirmed the action of the referee.

tion. United States Steel Corporation is directed to pay compensation to Wilma C. Repko, for herself and her son, David V. Repko, at the rate of $114.00 per week beginning March 24, 1975 to July 1, 1975 and at the rate of $171.00 per week from July 1, 1975 to November 3, 1975; and is further directed to pay to Wilma C. Repko, for herself, compensation at the rate of $171.00 per week from November 3, 1975 to continue indefinitely, together with interest at the rate of 10 per cent per annum on deferred payments of compensation from the date due to the date paid, all subject to the terms and limits of The Pennsylvania Workmen's Compensation Act.

United States Steel Corporation is further directed to pay Wilma C. Repko the sum of $1,500.00 as reimbursement for decedent's burial expenses.

In addition, United States Steel Corporation is directed to pay Jay D. Glasser, claimant's attorney, $175.00 as reimbursement for charges incurred in presenting the deposition testimony of Dr. John R. Misage.