David Gunther, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Abeloff Pontiac, Respondents.

Argued February 1, 1982, before President Judge CRUMLISH and Judges CRAIG and MACPHAIL, sitting as a panel of three.

*Cal A. Leventhal, Borden & Leventhal,* for petitioner.

*Matthew R. Sorrentino,* with him *Larry Pitt* and *Barbara L. Hollenbach, Holland, Taylor and Sorrentino,* for respondent, Abeloff Pontiac.

OPINION BY JUDGE MACPHAIL, May 14, 1982:

David Gunther (Petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board) insofar as it reversed a referee's award of attorney's fees pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act (Act).[1]

Petitioner was employed by Abeloff Pontiac (Respondent) as a mechanic and repairman when he suffered a heart attack while at work on January 3, 1978. A notice of denial of workmen's compensation liability was sent to Petitioner by Respondent's insurance carrier on or about January 25, 1978.[2] Petitioner filed a

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996.

[2] The notice stated, *inter alia,* that:

  While the Claimant's claim for compensation benefits has been denied, the investigation of this matter will be continued and re-evaluated and, if in the opinion and judgement

claim petition on November 30, 1978 and alleged therein that the heart attack occurred while he was "engaged in normal work activity of pushing a pickup truck into the work area in preparation for repairing its transmission." Respondent filed an answer to the claim petition denying, *inter alia,* that the heart attack was causally related to Petitioner's work.

Respondent's challenge to the petition was based on two letters written by Petitioner's treating physician in January and April, 1978 which, Respondent argues, raised a doubt as to causation sufficient to justify its denial of liability. Prior to the scheduled referee's hearing, however, Petitioner's physician wrote another letter in which he unequivocally stated that there was a causal connection between the heart attack and Petitioner's work. Respondent subsequently admitted liability and entered into a compensation agreement with Petitioner, effective March 16, 1979.

Since a notice of compensation payable was ultimately entered in this case, the two hearings before the referee were limited to the issues of attorney's fees and the subrogation interest of Blue Cross and Blue Shield. The instant appeal concerns only the issue of whether or not attorney's fees should be granted to Petitioner. The referee decided that the fees should be awarded because the Respondent's initial "denial of compensation was unreasonable." The Board reversed, concluding that the Respondent's contest was reasonable, and the instant appeal was taken.

A claimant is entitled to an award of attorney's fees under Section 440 of the Act unless the record supports a conclusion that the employer had a reason-

of the [Pennsylvania Manufacturers' Association] Insurance Company the claimant's right to compensation is supported by evidence, the PMA Insurance Company will then pay whatever compensation appears to be due and owing.

able basis for contesting liability.[3] *Elek v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 299, 421 A.2d 493 (1980); *Jodon v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 246, 420 A.2d 1137 (1980). The question of the reasonableness of the contest, while involving factual issues, is ultimately a question of law and subject to our review. *Ball v. Workmen's Compensation Appeal Board,* 19 Pa. Commonwealth Ct. 157, 340 A.2d 610 (1975). In order to resolve the issue of whether the contest was reasonable, we must consider the legal issues involved in the underlying claim for workmen's compensation benefits. *Murray v. Workmen's Compensation Appeal Board,* 45 Pa. Commonwealth Ct. 3, 404 A.2d 765 (1979).

It is axiomatic that where no obvious causal relationship exists between an employee's injury and his work, the employee has the burden of producing unequivocal medical evidence establishing a causal connection. *United States Steel Corp. v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 250, 422 A.2d 1243 (1980). A medical witness must establish "not that the injury or condition might have, or even possibly did, come from the assigned cause but that, in his professional opinion, the result in question did come from the assigned cause." *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 596, 377 A.2d 1007, 1010 (1977).

Applying these legal principles to the letters written by Petitioner's treating physician in January and April, 1978, we think it is clear that Respondent's contest was reasonable. In the first letter, dated January 31, 1978, the doctor stated:

---

[3] As the Board correctly pointed out, the referee's statement of the test, to wit, whether the employer's dnial of compensation was unreasonable, was in error.

In my opinion, Mr. Gunther had a myocardial infarction, *the basic cause of which was not related to his employment.* However, I would add that any severe physical exertion or stress which he *might* experience during his work *could* contribute to the problem or bring on an acute myocardial infarction. (Emphasis added.)

This statement clearly does not unequivocally establish a causal link between Petitioner's heart attack and his work. Moreover, the second "clarifying" letter is also equivocal. The physician stated therein that:

[A]ny severe physical exertion or stress that Mr. Gunther might have experienced during his work *could* (emphasis added) contribute to the *basic* (emphasis in original) problem in bringing on an acute myocardial infarction. . . .

. . . If in fact Mr. Gunther did undergo severe physical stress just prior to the onset of the chest pain which characterized his acute myocardial infarction, then I would believe that that physical stress was a strong contributing factor to that acute myocardial infarction.

Since the burden to show a compensable injury was on the Petitioner, we think it was reasonable for the Respondent to have contested liability on the basis of the above-quoted statements. We have held in the past that where medical evidence is conflicting or subject to contrary inferences on a material issue and where there is no evidence that the contest was frivolous or made for purposes of harassment, an employer's contest is reasonable. *Elek; Landis v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 491, 402 A.2d 723 (1979). We believe the same conclusion should be reached where, as here, the available medical evidence can reasonably be interpreted as raising an issue of causation. We believe the record

supports a conclusion that the Respondent had a reasonable basis for contesting liability.

Order affirmed.

ORDER

AND Now, this 14th day of May, 1982, the order of the Workmen's Compensation Appeal Board, No. A-77568, dated May 8, 1980, is hereby affirmed insofar as it disallows an award of attorney's fees to the Petitioner, David Gunther.

Judge MENCER did not participate in the decision in this case.