Linda Y. Cleaver, Petitioner *v.* Workmen's Compensation Appeal Board (Robert E. Wiley/Continental Food Service), Respondents.

488

Argued February 3, 1983, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*J. Christian Ness,* with him *William H. Poole, Jr., Shoemaker & Ness,* for petitioner.

*Stephen J. Harlen, Swartz, Campbell & Detweiler,* for respondents.

OPINION BY JUDGE ROGERS, March 10, 1983:

The claimant in this Workmen's Compensation case has petitioned for review of an order of the Workmen's Compensation Appeal Board which reversed a referee's award of counsel fees.

The award of reasonable attorney fees is authorized where liability is contested, "Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established." Section 440 of the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, Art. IV, *as amended,* 77 P.S. §996.

The claimant was involved in a motor vehicle accident while engaged in the course of her employment but she continued to work for about a month. The claimant testified that she was afflicted with a stiff neck the day after the work related accident, that she visited a local hospital, and that her problem with her neck and arm persisted and increased with time until she was disabled. However, her employer testified that he was not aware of any claim of injury arising from the auto accident until at least 30 days after, and both the employer and another employee testified that the claimant stated that she thought she had injured her neck diving into a swimming pool. The referee found the petitioner's evidence to be credible but that the employer's evidence was "incredulous" and awarded compensation and attorney fees.

The employer appealed this decision to the Board, which affirmed the referee's finding of compensible disability and remanded to the referee for a determination of work availability and extent of claimant's disability. The Board also reversed the referee's imposition of attorney fees on the ground that there was a reasonable basis for the contest.

On remand, the referee made the required findings on other matters and also reinstated his prior award of attorney fees, referring to the employer's case as a "flimsy fabrication." The employer appealed the reinstatement of attorney fees and the Board again reversed the referee's award. We affirm the Board's order.

The question of whether a contest has a reasonable basis is one of law based of course on the facts. *Truskey v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 315, 424 A.2d 627 (1981). It is therefore "within the Board's power to reverse the conclusion of the referee on this point, and it is within this Court's scope of review to examine the conclusion reached by the Board." *Ball v. Workmen's Compensation Appeal Board,* 19 Pa. Commonwealth Ct. 157, 160, 340 A.2d 610, 611 (1975).

The fact that the employer did not adduce medical evidence, but rather chose to rely upon the cross-examination of the claimant's physician does not render his basis for contest unreasonable. *Vovericz v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 94, 398 A.2d 734 (1979). The employer's case rested on the testimony of the employer and another employee, both of whom said that they heard the claimant attribute her injury to an accident away from her work. The fact that the referee found these witnesses not to be credible does not render the contest baseless. This is what referees are for where the testimony is inconsistent. "The question however is not whether the referee believed the employer's witness but whether the opinion of the witness provided a reasonable basis for the ... contest of the claim." *Spatola & Thompson v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 137, 142, 401 A.2d 877, 880 (1979). An issue of credibility is a legitimate and reasonable subject of inquiry and challenge. *McGowan v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 508, 432 A.2d 272 (1981). This would seem especially to be the case where an employer, as here, is insured. Surely the carrier is not to be held to have launched a baseless contest because he has believed his insured's evidence as to how the claimant was injured.

Further, the fact that the claimant worked for 33 days after the work-related accident would tend to dispel a suggestion that the claimant's disability as the result of that accident was within the obvious knowledge of the employer. *Cavanaugh v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 495, 413 A.2d 442 (1980).

Order affirmed.

ORDER

AND Now, this 10th day of March, 1983, the order of the Workmen's Compensation Appeal Board in the above captioned matter is hereby affirmed.