510 A.2d 899

John W. Snyder, Deceased, Geraldine T. Snyder, Widow, Petitioner *v.* Workmen's Compensation Appeal Board (United States Steel Corporation), Respondents.

Argued March 11, 1986, before Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Jay D. Glasser, Hollinshead and Mendelson,* for petitioner.

*Louis A. Raimond,* with him, *Robert C. Jones,* for respondent, United States Steel Corporation.

OPINION BY JUDGE BARRY, June 10, 1986:

This appeal results from an order of the Workmen's Compensation Appeal Board (Board), which reversed the order of a referee assessing attorneys' fees for unreasonable contest against the employer, U.S. Steel Corporation (employer).

The present controversy was initiated when the claimant, Geraldine Snyder, filed a fatal claim petition

alleging that her husband, an employee of U.S. Steel, had suffered a fatal heart attack due to the stress experienced in the course and scope of his employment as a motor inspector.[1] Employer in its answer denied, relevantly, that the deceased's fatal heart attack was due to the stress of working conditions, and hearings thereupon ensued before Referee Duane Darkins.

Following the initial hearings in January and March, 1983, a continuance was requested and granted for the purpose of securing medical testimony. Claimant thereafter submitted the deposition of the Allegheny County Coroner, Dr. Joshua A. Perper, who had reviewed the original autopsy report following the deceased's fatal heart attack. Dr. Perper was of the opinion that the claimant's heart attack was work related, and testified unequivocally to that effect.

After two more continuances, the employer on October 19, 1983, submitted as its medical evidence a medical report letter of Dr. Larry E. Hurwitz. Dr. Hurwitz, while concurring with Dr. Perper "that the most likely cause of death was a cardiac arrhythmia," stated that "it is impossible to state with any degree of medical certainty that there was a relationship between his sudden death and his occupational activities." This latter opinion followed the physician's noting of the deceased's severe arteriosclerotic occlusion, and the evidence that immediately before the heart attack the deceased had ingested caffeine, a "cardiac stimulant that can increase myocardial oxygen demands and/or cause a sudden acceleration of heart rhythm thus resulting in a cardiac arrhythmia."

---

[1] The claimant later testified that the deceased was worried about losing his job due to the frequent layoffs occurring at the employer's steel mill. (N.T., 1/25/83, at 11). In addition, co-workers of the deceased testified that his occupational tasks involved both mental and physical stress. (N.T., 3/2/83, at 12, 15, 24-25; 34-35).

The referee thereafter granted the petition, accepting the testimony of Dr. Perper that the fatal heart attack was caused by the claimant's employment and work activities. In addition, the referee directed the employer to pay the claimant's attorneys' fees, the employer "having shown no reasonable basis for contesting [the] claim." The Board reversed this portion of the referee's decision, concluding that a review of the record and the opinion of Dr. Hurwitz demonstrated a reasonable basis for contest. From this reversal the claimant has appealed.

Whether an employer's contest of a workmen's compensation claim has been "reasonable" is a question of law, subject to review by both the Board and this Court. *Stone Container Corp. v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 384, 388, 413 A.2d 17, 19 (1980). The relevant provision of the Workmen's Compensation Act (Act)[2] is Section 440, which provides, in pertinent part, that

> [i]n any contested case where the insurer has contested liability in whole or in part, the employe or his dependent . . . in whose favor the matter at issue has been finally determined shall be awarded . . . a reasonable sum for costs incurred for attorney's fee[s]. . . . Provided, that cost for attorney['s] fees may be excluded when a reasonable basis for the contest has been established[.]

*Id.* 77 P.S. §996. Claimant maintains on two grounds that the Board has erred in determining that a reasonable contest under Section 440 was undertaken by the employer. We disagree.

Claimant first argues that an unreasonable contest is evidenced by the fact that at the time the employer

[2] Act of June 2, 1915, P.L. 736, 77 P.S. §§1-1065.1.

"filed its answer" it "offered no medical or other evidence which contradicted the Coroner's report upon which the claimant based her claim."[3] *Brief for Petitioner* at 9. We must reject this assertion on a number of related grounds. First, and as a practical matter, the employer is allotted under the Act only fifteen days from the filing of the claim petition to file its answer, with a failure to do so constituting a waiver of its affirmative defenses. Section 416 of the Act, 77 P.S. §821. *See Yellow Freight System v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 1, 7, 423 A.2d 1125, 1127-28 (1981). Requiring the employer to adduce medical testimony within this abbreviated period, with the penalty for not doing so a per se unreasonable contest, would clearly be unwarranted. In addition, and more fundamentally, the burden is on the claimant in the context of a claim petition to move forward and prove entitlement to benefits under the Act. The employer can hardly be said to have undertaken an unreasonable contest at a point when the claimant has not substantiated the merits of the claim. Finally, ascertainment of the reasonableness of contest is, in any case, achieved by an inspection of the record as a whole, and not, as claimant suggests, on the basis of the naked fact of the employer's denial of liability. *Cf. Ratchko v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 585, 588, 377 A.2d 1012, 1013 (1977) ("[reasonableness of contest] is a legal conclusion . . . based on the facts as found by the referee, supported by substantial evidence on the record.").

Claimant further alleges that an unreasonable contest is reflected in the failure of the employer to effec-

---

[3] While stating that the cause of death was cardiac arrhythmia, the coroner's report gave no opinion concerning whether the arrhythmia was work related.

tively rebut the unequivocal medical testimony eventually secured from Dr. Perper in support of the fatal claim petition. We have, indeed, stated that in cases where there is no "sufficiently probative counter-inference" produced with respect to the compensability of a claim, an unreasonable contest may be found. *See Murray v. Workmen's Compensation Appeal Board*, 45 Pa. Commonwealth Ct. 3, 9, 404 A.2d 765, 768 (1979). That situation, however, does not exist under the facts of the present case. The deceased suffered from severe arteriosclerosis, prompting Dr. Perper to admit on cross-examination that the deceased was subject to sudden death "at any time, at any moment." *Perper Deposition* at 20. The employer thereafter adduced and submitted the medical report of Dr. Hurwitz, who stated that because of the severe coronary disease and the deceased's attendant ingestion of caffeine it was impossible to draw any connection between the sudden death and the deceased's occupational duties. From this testimony the referee could have drawn the conclusion that the fatal heart attack was not due to work-related stress. The employer thus established a reasonable contest. *Landis v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 491, 494, 402 A.2d 723, 724 (1979) (*Landis II*) ("where the evidence lends itself to contrary inferences or where there is conflicting evidence as to material facts, the contest may be adjudged 'reasonable.' ").

Notwithstanding claimant's assertion that the introduction of Dr. Hurwitz's medical report was no more than a device to delay the proceedings, there is no record evidence suggesting that the employer's contest was frivolous or undertaken solely for the purposes of harassment. *See Landis II*, 43 Pa. Commonwealth Ct. at 495, 402 A.2d at 724-25. Accordingly, we affirm.

## ORDER

Now, June 10, 1986, the order of the Workmen's Compensation Appeal Board at A-87775, dated April 1, 1985, is hereby affirmed.