532 A.2d 1283

William H. Rorer, Inc. and Aetna Life and Casualty Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Staffieri), Respondents.

Submitted on briefs September 18, 1987, to Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Peter J. Weber,* with him, *Clifford A. Goldstein, Rawle & Henderson,* for petitioners.

*Walter D. Campbell,* for respondent, Joseph J. Staffieri.

OPINION BY SENIOR JUDGE KALISH, November 5, 1987:

The employer, William H. Rorer, Inc., seeks review of a decision of the Workmen's Compensation Appeal Board (Board) which ordered that it pay counsel fees to Joseph J. Staffieri's (claimant) attorney pursuant to section 440 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §996. We reverse.

The employer petitioned for termination or modification of claimant's compensation, alleging that he was presently employed at an automobile repair shop and that he was available to perform suitable work. The employer's medical evidence consisted of the testimony of an orthopedic surgeon who gave the opinion that claimant was capable of returning to work on a part-time basis although he is physically incapable of performing his former duties. Claimant presented the testimony of his treating physician who stated that claimant was not physically capable of engaging in the type of employment as suggested by the employer. Thus, there was a conflict in the medical testimony.

In order to bolster its case, the employer attempted to introduce surveillance testimony, the admission of which was denied by the fact finder because although the person surveilled had a physical resemblance to claimant, the employer's witness could not positively identify him as the claimant. The referee, affirmed by the Board, concluded that under such circumstances the employer had no factual basis for the filing of his petition and awarded claimant attorney's fees payable by the employer.

The only issue before this court is whether under the circumstances the employer's contest was reasonable. Section 440 of the Act, 77 P.S. §996, provides that cost for attorney's fees may be excluded when a reasonable basis for the contest has been established. This is a question of law reviewable by this court. *Jodon v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 246, 420 A.2d 1137 (1980).

The fact that there was a conflict in the medical testimony shows that there was a reasonable basis for the action. While the identification testimony under the circumstances should be viewed with some caution and there may not have been an abuse of discretion by the

fact finder in excluding its admission as evidence, the issue is not that the fact finder found it incredible, but whether the employer had a reasonable basis for the contest. *Spatola v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 137, 401 A.2d 877 (1979).

The record shows that the Board's finding that the employer's contest was unreasonable is not supported by substantial evidence. To the contrary, the evidence is sufficiently substantial to show a basis for a reasonable contest.

Accordingly, we reverse.

### ORDER

Now, November 5, 1987, the order of the Workmen's Compensation Appeal Board, No. A-89564, dated September 5, 1986, is reversed.