Julius Elek, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Herco, Inc., Respondents.

Argued September 12, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Thomas L. Kennedy, Kennedy, Carlyon & Conahan,* for petitioner.

*Patricia A. Toland,* with her *Daniel F. Monahan* and *Sharon F. Harvey,* for respondents.

OPINION BY JUDGE CRAIG, October 21,.1980:

In this workmen's compensation appeal, the claimant[1] questions a denial of attorney's fees by the board,[2] which reversed the referee because the board concluded that the employer's[3] contesting of the claim was reasonsable. The award itself is not at issue in this appeal.[4]

Attorney's fees are awarded under Section 440 of The Pennsylvania Workmen's Compensation Act[5]

---

[1] Julius Elek.

[2] Workmen's Compensation Appeal Board.

[3] Herco, Inc.

[4] Claimant fell on the ice while working as a chauffeur at employer's hotel on December 25, 1976, injuring his left wrist. Claimant received benefits until March 18, 1977, when he signed final receipts. His petition to set aside the final receipts was granted on September 20, 1977. Employer petitioned to modify the award on November 17, 1977 based on its contention that claimant could return to work and assume modified duties. While that petition was pending, claimant filed his claim for loss of the use of his left arm on February 17, 1978.

[5] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996, which provides:

In any contested case where the insurer has contested liability in whole or in part, the employee . . . in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee. . . . Provided, That cost for attorneys' fee may be excluded when a reasonable basis for the contest has been established. . . .

when a claimant prevails, unless the evidence supports a conclusion that the employer had a reasonable basis for contesting liability. *Landis v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 491, 402 A.2d 723 (1979). The scope of review of the board and this court is to review the conclusion made by the referee to see if an error of law has been committed. *Hartman v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 609, 333 A.2d 819 (1975).

The board concluded that the contest was reasonable because claimant had applied for benefits for loss of use of his arm but received benefits for loss of use of his forearm; in addition, other factors, outlined below, gave employer reason to contest claimant's application, as the board viewed the case.

Claimant argues that employer's contest was unreasonable because the testimony of employer's own medical witness supports a finding of loss of use of a forearm. The record of the doctor's deposition refutes that contention:

Q. Now when you're talking about the area of Mr. Elek's injury, for example, you mentioned his upper arm from the elbow to the shoulder. I think you mentioned the forearm and hand. What would this wrist injury be properly described as? An injury to the upper arm, the forearm, or to the hand?

A. I think the proper way to describe it is, an injury of the wrist.

The referee's grant of benefits, for loss of use of the left forearm, was based on his resolution of the overall purport of the testimony of employer's medical witness.

Although counsel for claimant suggests that the Pennsylvania Workmen's Compensation Act does not distinguish between loss of use of arm and loss of use

of forearm, we note that Section 306(c, d), 77 P.S. §513(2, 3), stipulates a different compensation schedule for loss of use of forearm than for loss of use of arm.

There is an additional reason for holding that the employer had a reasonable basis for the contest. One issue in the consolidated hearing was the employer's modification petition, alleging claimant's ability to return to work in a position tailored to his condition; the employer understandably presented witnesses in support of that petition at the hearing. Although the referee ultimately held the modification petition to be moot in light of the final finding of specific loss, the medical testimony justified employer's belief that claimant had not lost the use of his left arm for all intents and purposes.

As in *Landis, supra,* when evidence in a workmen's compensation proceeding lends itself to contrary inferences or is conflicting on a material issue, and there is no evidence that employer's contest was frivolous or for purposes of harassment, the board may conclude as a matter of law that the employer's contest was reasonable and that the claimant is not entitled to an award of attorney's fees.

We hold that the board properly reversed the referee's award of attorney's fees for error of law, on the basis of facts supported by substantial evidence in the record.

Accordingly, we affirm.

### Order

And Now, this 21st day of October, 1980, the order of the Workmen's Compensation Appeal Board, dated August 29, 1979, at No. A-75507, is affirmed. Accordingly, it is ordered that judgment be entered in favor of claimant Julius Elek, and against defendant Herco, Inc. and its insurer Pennsylvania Manufacturers As-

sociation Insurance Company, in the following amounts:

1. Compensation in the amount of $93.50 per week, beginning December 25, 1976, and continuing within the terms and limitations of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq. (including a healing period of twenty weeks).

2. All deferred payments of compensation shall bear interest at the rate of 10 percent per annum.

3. Herco is ordered to deduct from any and all payments due the claimant, now and in the future, a sum equivalent to 20% thereof and to remit the same with the same frequency with which payments are made to the claimant, to Thomas L. Kennedy, Esquire, claimant's counsel, as an approved fee for his representation of him in these proceedings.