Roberta J. McGowan, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Beaver Valley Geriatric Center and Rockwood Insurance Company, Respondents.

Argued May 8, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*David M. McCloskey, Will & Keisling,* for petitioner.

*Leonard P. Kane, Jr., Fried, Kane, Walters & Zuschlag,* for respondents.

OPINION BY JUDGE MENCER, July 15, 1981:

Roberta J. McGowan (claimant) appeals from a denial of attorney's fees by the Workmen's Compensation Appeal Board (Board) which reversed a referee's award of attorney's fees because it con-

cluded that a contest of her compensation claim by the Beaver Valley Geriatric Center, Inc. (employer) and its insurer, Rockwood Insurance Company (insurance carrier), was reasonable. The award itself is not at issue in this appeal.

The claimant, a nurse's aide, filed a claim petition alleging a work-related back injury on March 7, 1978. The employer and the insurance carrier filed an answer to the petition, which specifically denied that the claimant sustained an injury while in the course of her employment. Earlier, on August 18, 1977, the claimant had suffered a job-related back injury for which she had received workmen's compensation benefits. On or about January 27, 1978, the employer filed a termination petition pertaining to the first injury, which alleged that the claimant's disability ceased as of January 20, 1978. The referee heard both petitions together.

The referee suspended compensation regarding the first injury, effective as of January 28, 1978, awarded the claimant total disability compensation for the second injury of March 7, 1978 from March 8, 1978 to September 11, 1978, and awarded her partial disability compensation thereafter because she had taken a job which paid a salary somewhat less than her average weekly wage.

The referee also awarded attorney's fees to the claimant and against the employer and the insurance carrier because he felt that they were without a reasonable basis to contest the second claim petition. The employer and insurance carrier appealed to the Board to contest their liability both for the award of disability compensation and the award of attorney's fees. The Board sustained the referee's decision as to the award of disability compensation but reversed that portion concerning the award of attorney's fees.

Section 440 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996, provides in pertinent part:

> In any contested case where the insurer has contested liability in whole or in part, the employe . . . in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee . . .; Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established. . . .

A determination that a claim contest was unreasonable is a conclusion of law subject to review by the Board. *Harmar Coal Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 98, 381 A.2d 215 (1977).

In support of his decision that the claim contest was unreasonable, the referee found that the employer failed to have the claimant examined until January 23, 1979. This finding is not supported by the record. Instead, it reveals that the employer's medical expert initially examined the claimant on or before June 7, 1978.

Moreover, the claimant's alleged job-related accident of March 7, 1978 was apparently unwitnessed and her testimony concerning it was uncorroborated. Her medical doctor testified that she suffered from a preexisting back condition. The only medical expert to testify on the claimant's behalf as to the cause of her injury relied primarily upon the history that she had provided to him. Therefore, proof that her March 7, 1978 injury was caused by a work-related incident depended almost exclusively upon the claim-

ant's own testimony, thereby raising an issue of credibilty which was a legitimate and reasonable subject of inquiry and challenge. *See Jodon v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 246, 420 A.2d 1137 (1980); *Stone Container Corp. v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 384, 413 A.2d 17 (1980).

Because the employer's expert did not reach the medical conclusion that the claimant's condition resulted from the alleged work-related incident of March 7, 1978, the causation evidence lent itself to contrary inferences. Additionally, no evidence in the record indicates that the contest of the employer and its insurance carrier was frivolous or advanced for the purposes of harassment. *See Elek v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 299, 421 A.2d 493 (1980). Accordingly, we affirm and enter the following

## ORDER

AND Now, this 15th day of July, 1981, the order of the Workmen's Compensation Appeal Board, dated January 17, 1980, relative to Docket No. A-77255, is hereby affirmed.