**BELL'S REPAIR SERVICE, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MURPHY, JR.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 6, 2004.

Decided May 13, 2004.

---

**25.** *See* 22 Pa.Code § 73.189.

Robert A. Loch, Pittsburgh, for petitioner.

No appearance entered on behalf of respondent.

BEFORE: FRIEDMAN, Judge and LEADBETTER, Judge and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Bell's Repair Service (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board), dated September 11, 2003, which denied Employer's Petition for Rehearing, and affirmed the Board's prior order dated June 20, 2003. The Board's June 20, 2003 order affirmed an order of a Workers' Compensation Judge (WCJ) granting benefits for a

closed period to John Murphy, Jr. (Claimant) pursuant to the Pennsylvania Workers' Compensation Act (Act).[1] Additionally, and central to the instant dispute, the WCJ's order found that Employer's contest of Claimant's Claim Petition was unreasonable, and therefore awarded attorney's fees in Claimant's favor under the Act. We affirm.

Claimant worked for Employer as a mechanic when, on January 22, 2001, he slipped and fell on some ice, injuring his right hip and back. Claimant subsequently received treatment for his injuries on January 24, 2001, at the emergency room of Frick Hospital, where he was diagnosed by Dr. Bruce Teich with spasm of the musculature, a right hip and lumbar area contusion with radicular symptoms, and the possibility of a small herniated disc. Dr. Teich further noted Claimant's complaints of persistent right hip pain with some radiation into his right leg. Dr. Teich prescribed pain medication for Claimant, recommended that he not work for at least the next week, and advised a follow up with an orthopedic surgeon.

Two days after his treatment at Frick Hospital, Claimant commenced treatment with Dr. El–Attrache, who prescribed medication, therapy, and an electrical muscle stimulator.

On March 16, 2001, Claimant filed a Claim Petition pursuant to the Act alleging that he had sustained a work-related injury on January 22, 2001, and further alleging that he had been totally disabled from January 23, 2001, ongoing to the present. Employer filed a timely Answer to Claimant's Petition, denying the allegations therein.

On May 14, 2001, Claimant began treating with Dr. John A. Levy, a board certified orthopedic surgeon. Dr. Levy examined Claimant, reviewed his medical history, and diagnosed lumbar strain, significant disc degeneration, and pre-existing degenerative disc disease. Dr. Levy further noted that Claimant had suffered a work-related lumbar strain in the slip and fall accident of January 22, 2001.

Hearings before the WCJ on Claimant's Petition commenced on May 22, 2001. Both parties appeared before the WCJ and offered evidence and testimony. Thereafter, continued hearings before the WCJ ensued.

On June 25, 2001, Dr. Levy again examined Claimant, concluding that he had fully recovered from his work-related injury, and releasing Claimant to return to full time work without restrictions. Following Dr. Levy's lifting of all physical work restrictions for Claimant, he did not return to work for Employer, but instead began working for Mongell's Car Care, in July, 2001.

The hearings before the WCJ on Claimant's Petition continued on October 11, 2001, and January 8, 2002.

On January 10, 2002, Claimant met with Dr. Allen J. Tissenbaum, at Employer's request. Dr. Tissenbaum, a Board Certified orthopedic surgeon, examined Claimant and reviewed his medical records. At this time, Claimant informed Dr. Tissenbaum that he was doing quite well, and that he had returned to work as a mechanic in the wake of Dr. Levy's medical release of June 25, 2001. Dr. Tissenbaum concluded that Claimant had suffered a work-related injury that occurred in the slip and fall accident of January 22, 2001. At the conclusion of his evaluation, Dr. Tissenbaum further noted, in accordance with Dr. Levy's notes, that Claimant had fully recovered from his work-related lumbosacral

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

sprain, and could work at full duty capacity without restrictions as of June 25, 2001.

On April 10, 2002, the parties appeared before the WCJ for the final hearing on Claimant's Petition. Subsequently, the WCJ issued an order and opinion dated August 15, 2002, in which the WCJ granted Claimant's Petition for the closed period from January 23, 2001, until June 25, 2001. The WCJ further concluded, based on his findings of fact, that Employer's contest of Claimant's Petition was unreasonable, and accordingly ordered that Employer pay Claimant's attorney's fees pursuant to the Act's mandates.

Employer timely appealed the WCJ's decision and order to the Board, which reviewed the record in this case without taking any additional evidence. The Board, in its order dated June 20, 2003, affirmed the order of the WCJ in respect to its grant of Claimant's Petition for the closed period described above. The Board did not address, in its accompanying opinion, the WCJ's conclusion that Employer's contest was unreasonable, and the concomitant award of attorney's fees in Claimant's favor.

Employer subsequently filed a timely Petition for Rehearing with the Board, specifically seeking a review of the WCJ's findings and conclusions that Employer's contest was unreasonable. The Board considered Employer's Petition for Rehearing without taking any additional evidence.

By order dated September 11, 2003, the Board affirmed its prior order and decision, addressing in its accompanying opinion the issue of the reasonableness of Employer's contest of Claimant's Petition. Employer now timely appeals the Board's September 11, 2003 order to this Court, on the sole issue of the reasonableness of Employer's contest.[2]

 This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of Board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods v. Workmen's Compensation Appeal Board (Clouser)*, 114 Pa.Cmwlth.382, 539 A.2d 11 (1988).

 Section 440 of the Act, provides, in relevant part:

(a) In any contested case where the insurer has contested liability in whole or in part ... the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fees ... Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996. When a claimant prevails in a litigated case, the WCJ must assess attorney's fees against the employer pursuant to the clear and express mandate of Section 440 of the Act, unless the employer satisfies its burden of establishing a reasonable basis for the contest. *City of Nanticoke v. Workers' Compensation Ap-*

---

**2.** Claimant has filed with this Court a Notice of Non–Participation pursuant to Pa.R.A.P. 908. Therefore, this matter has been considered on the basis of Employer's Brief, and the record of the proceedings below.

*peal Board (Ziolkowski),* 828 A.2d 462 (Pa. Cmwlth.2003), *petition for allowance of appeal denied,* —— Pa.——, 842 A.2d 407 (2004). The issue of whether an employer had a reasonable basis for its contest is one of law, as supported by the evidence of record, based upon whether the contest was brought to resolve a genuinely disputed issue, or whether the contest was frivolous and/or merely for purposes of harassment. *Id.*

■ Employer first argues that the Board erred as a matter of law in affirming the WCJ's conclusion that its contest of Claimant's Petition was unreasonable. As the primary basis for this argument, Employer asserts that its contest was brought to resolve the genuinely disputed issue of whether Claimant was disabled by the alleged work-related injury. Employer founds its contest of this claim on its assertion that, because Claimant's Petition arose from an unwitnessed and uncorroborated alleged work-related accident, it is reasonable for Employer to contest Claimant's credibility. Essentially, Employer asserts that the sole fact that Claimant's injury was unwitnessed, when coupled with Employer's challenge to Claimant's credibility, establishes a reasonable contest under our Courts' precedents. We disagree.

Employer cites primarily, in support of its argument, to *McGowan v. Workmen's Compensation Appeal Board (Beaver Valley Geriatric Center),* 60 Pa.Cmwlth.508, 432 A.2d 272 (1981). In *McGowan,* this Court found a reasonable contest where the claimant's proof that her disability was caused by a work-related injury depended exclusively upon her own testimony. While the *McGowan* opinion did state that the issue of the claimant's credibility was a reasonable basis for the employer's contest, that conclusion of reasonableness was not founded solely upon the fact the claimant's accident was unwitnessed. In

*McGowan,* we noted that the causation evidence lent itself to contrary inferences, thereby establishing a reasonable contest, due in part to the fact that the employer in that case introduced evidence that its medical expert had not reached the conclusion that the claimant's medical condition had resulted from the alleged work-related incident. *McGowan,* 432 A.2d at 273. Contrary to Employer's assertion before us in the instant matter, *McGowan's* conclusion that the employer's contest was reasonable was not based solely on the unwitnessed nature of the claimant's injury, and the employer's contrary medical evidence provided a partial basis for the credibility challenge of the claimant therein.

Similarly, in the other precedents cited by Employer in support of its argument on this point, we have relied at least in part on evidence offered by employers that contradicted evidence offered by the claimant in support of a petition based upon an unwitnessed injury. *See Jodon v. Workmen's Compensation Appeal Board (Corning Glass Works),* 54 Pa.Cmwlth.246, 420 A.2d 1137 (1980) (reasonable contest found, in part, where employer's medical witness disagreed with claimant's witness on the issue of claimant's ability to return to work, and where claimant's medical witness based his diagnosis of work-related injury solely on the subjective complaints of the claimant rather than on any objective findings); *Stone Container Corp. v. Workmen's Compensation Appeal Board (Ramon Rodil),* 50 Pa.Cmwlth.384, 413 A.2d 17 (1980) (reasonable contest found, in part, where employer introduced evidence of phone call between claimant and insurer wherein claimant stated that his back—the area of injury for which that workers' compensation claim had been based—had been injured in a recent unrelated incident).

■ In each of the cases cited by Employer in this matter for support of its argument, the Court's conclusion finding a reasonable contest was based at least in part on some evidence offered by an employer which supported a challenge to the credibility of the claimant's unwitnessed injury allegations. We note that this minimum partial basis for a reasonable contest conclusion, in the context of a challenge to an unwitnessed alleged work-related injury, comports with the undisputed burden an employer must meet to affirmatively establish a reasonable basis for the contest in the wake of the mandate of Section 440 that a prevailing claimant shall be entitled to an attorney's fee award. 77 P.S. § 996. Employer in the instant matter is unable to cite to, and we are not aware of, any authority for the proposition that the sole fact that a claimant's alleged work-related injury is unwitnessed gives rise to a reasonable credibility challenge thereto in the absence of any evidence offered by the employer in support thereof. We further note that in this case, Employer has consistently throughout every stage of these proceedings offered absolutely no evidence, save for its bald credibility challenge, to contradict or challenge Claimant's allegations that he suffered a work-related injury in the manner, time and place averred. As such, Employer's argument on this issue is without merit.

■ Employer further argues, citing to *McGowan* and *Second Breath v. Workers' Compensation Appeal Board (Gurski)*, 799 A.2d 892 (Pa.Cmwlth.2002), that its credibility challenge to Claimant's injury is reasonable on the basis that Claimant's medical evidence, in the form of the testimony offered by Claimant's treating physicians, is based solely on Claimant's uncorrob-

orated recounting of his injury to those medical professionals, and upon Claimant's subjective complaints of pain. However, Employer's argument ignores the uncontradicted evidence of record from each of Claimant's medical witnesses that their respective diagnoses were based not solely on Claimant's subjective complaints, but on clinical tests and evaluations that corroborated those complaints, including x-rays, an MRI scan, and CT scanning. *See* WCJ Findings 7, 8, 10–13.[3]

Additionally, *McGowan* (employer's medical expert reached contrary conclusion from claimant's medical expert regarding causation of injury) and *Second Breath* (employer's medical expert testimony contradicted claimant's medical expert testimony on medical restrictions resulting from injury) both relied upon those employers' introduction of conflicting and/or contradictory medical evidence in an attempt to satisfy their burden to establish a reasonable contest. Tellingly, Employer in the matter *sub judice* has introduced no such contradicting medical evidence indeed, Employer's own medical expert in this matter corroborated and agreed with Claimant's medical expert's testimony regarding both the causation of Claimant's disability, and the duration of disability. WCJ Findings 10, 12.

■ Next Employer argues that its challenge to the duration of Claimant's disability constitutes a reasonable basis for its contest, in that Claimant's Petition alleged an ongoing disability. As support, Employer cites to *Striker v. Workmen's Compensation Appeal Board (California University)*, 168 Pa.Cmwlth.298, 650 A.2d 1109 (1994). In *Striker,* we held that an Employer may reasonably contest a work-

---

**3.** Employer has not challenged the medical evidence supporting the WCJ's Findings in this matter.

ers' compensation claim in order to ascertain the proper period and/or duration of a claimant's disability. The claimant in *Striker* challenged the reasonability of the employer's contest on the basis that the medical opinion offered by employer in support thereof was not obtained until some ninety days after the claimant had sustained her injury. Citing to *Yeagle v. Workmen's Compensation Appeal Board (Stone Container Corp.)*, 157 Pa.Cmwlth. 597, 630 A.2d 558 (1993), we held employer's contest of the duration of claimant's disability to be reasonable since the employer, at the time it made the decision to contest claimant's petition, or shortly thereafter, had in its possession medical evidence supporting its contest. *Striker*, 650 A.2d at 1111. For two reasons, Employer's contest in the instant matter is not reasonable under either *Striker* or *Yeagle*.

First, it is undisputed that Employer was not in possession of any evidence whatsoever to support its challenge to the duration of Claimant's disability at the time of, or within a reasonable time of, its challenge, which was contained within its Answer to Claimant's Petition. In *Yeagle*, this Court wrote:

> We have consistently held that after-acquired medical opinions issued after long periods of uncontradicted proofs do not, as a matter of law provide a reasonable basis for contesting a claim ... To reasonably contest that an injury is not work-related, an employer must have in its possession at the time the decision to contest is made or shortly thereafter medical evidence supporting that position. To allow after-acquired medical opinions to justify an employer's contest would allow the decision to deny compensation to be based not on what a

medical opinion is, but on the hope that some kind of medical evidence can be elicited prior to hearing.

*Yeagle*, 630 A.2d at 560. In the instant matter, Employer began its contest when it filed its Answer to Claimant's Petition on March 22, 2001.[4] R.R. at 11a–12a. Employer, however, did not even have its medical expert examine Claimant yet alone produce any evidence upon which its contest may be reasonably based until January 10, 2002, nearly nine months later. WCJ Finding of Fact 10. Such an after-acquired medical opinion, produced after nearly nine months of multiple contradicting medical opinions, is precisely the type of delayed reasonable basis that *Yeagle's* rule was intended to disallow as a justification for a challenge that came long before any evidence was actually produced.

We further note that the record is clear that Employer received notice from its own examining physician, Dr. Tissenbaum, that as of January 10, 2002, Dr. Tissenbaum himself agreed with Dr. Levy's June 25, 2001 conclusion that Claimant was no longer disabled. WCJ Finding of Fact 10. Notwithstanding the receipt of that opinion from its own medical expert, Employer continued to challenge Claimant's Petition beyond that date during the hearings before the WCJ, which as of January 10, 2002, had not yet been completed. We addressed such a continued pursuit of a foundationless contest in *Yeagle*, stating:

> Here, what might have begun as a reasonable contest [of the causation of claimant's injury] became unreasonable when [e]mployer was informed by its examining physician ... that [c]laimant's injury was work-related. **Employer's decision became unreasonable once it continued to contest the claim**

---

4. Notably on this issue, Employer's Answer does not articulate any basis whatsoever for its contest within its Answer, beyond a general blanket denial of the averments within Claimant's Petition.

without any factual basis in the hope that it could later find a medical witness who would provide it with the testimony to rebut [c]laimant's proof. Because [employer's medical witness] testimony did not provide the [e]mployer a reasonable basis for the contest, there was no basis to deny [c]laimant his award of attorney's fees under the Act. *Yeagle,* 630 A.2d at 560–561. Although *Yeagle* dealt with a contest over the work-relatedness of that claimant's injury, and not the duration of that injury, we find its reasoning instructive under the instant facts. *Accord Striker.*

Secondly, and most dispositively, we note that throughout the entire duration of these proceedings upon Claimant's Petition including up until the very time of this instant appeal before us Employer has never been in possession of any evidence, medical or otherwise, disputing the duration of Claimant's disability. Claimant's treating physician, Dr. Levy, opined on June 25, 2001 that Claimant was fully recovered from his work-related injury, and that no disability existed beyond that date. WCJ Finding of Fact 8. In fact, Claimant returned to work without restrictions shortly after he received that opinion from Dr. Levy. WCJ Finding of Fact 3(k). Employer's own sole examining physician, Dr. Tissenbaum, agreed with Dr. Levy's assessment of the duration of Claimant's disability on January 10, 2002. WCJ Finding of Fact 10. Thus, Employer has *never* had any contradictory evidence that can be seen as providing a reasonable basis for

contesting the duration of Claimant's disability.

 Finally, Employer argues that the conclusion that its contest was not reasonable is not supported by substantial evidence. Employer asserts that during the duration of the proceedings below, it has presented evidence which contradicted Claimant's testimony and therefore provided a proper basis for its challenge to Claimant's credibility. Employer first cites to its evidence that the father of Claimant's immediate supervisor, who is also the owner of the business, was at his home which is attached to the garage at which Claimant works and at which Claimant suffered his injury. Employer asserts that Claimant did not inform the father/owner of his injury at the time that it occurred. Puzzlingly, Employer fails to assert any contradictory statements or evidence on Claimant's part that might call Claimant's credibility into question—simply put, Employer's assertion on this point has never been contradicted by Claimant. Therefore, we fail to see any basis for a challenge to Claimant's credibility based upon this evidence.[5]

 Employer next argues that Claimant's testimony regarding the timing, nature, and job duties of two employment positions that Claimant held after his recovery from his work-related injuries are contradicted by testimony introduced by Employer from witnesses called by Employer from those subsequent employers. Notwithstanding the fact that this Court fails to see the relevance in any informa-

---

5. Employer further presents, in its brief, numerous citations to Claimant's own testimony in respect to Claimant's notice to Employer of his injury via a third party, and the timing and place of initial treatment of his injuries at Frick Hospital. However, Employer does not assert that any of this testimony is contradictory, and no such contradictions have been found in our review of the record, to any other testimony or assertion of either party in this matter. As such, we fail to see, and Employer's brief fails to articulate, precisely how Claimant's credibility can be called into question by citation to his own non-contradictory statements. As such, Employer's argument on this issue is without merit, and must fail.

tion regarding work performed by Claimant over the closed period *of disability* found *by* the WCJ—a closed period that is not in dispute in the instant appeal—we further find no persuasive value in Employer's attempt to establish a reasonable credibility challenge to Claimant on the basis of this testimony. The minor inconsistencies of these various bits of irrelevant testimony can best be summarized by comparing Claimant's assertion that he began work for a garage named Ritenour and Sons in the first week of February, 2002. The contradiction relied upon by Employer consists of testimony from a private investigator that Claimant was caught on videotape in the Ritenour and Sons garage on January 25 and 28, 2002— a discrepancy in time frames consisting of a mere week. We join in the Board's citation to the WCJ's language in relation to this issue, who stated in regards to Employer's evidence of Claimant's activities following the granted closed period of disability:

> [T]his degree of inconsistency is not sufficient to call the [C]laimant's credibility into issue in connection with the January 22, 2001 work injury and is not relevant for any other reasons since the [C]laimant had fully recovered from the work injury on June 25, 2001, prior to his return to work [at the subsequent employers].

WCJ Finding of Fact 13.

Accordingly, we affirm.

### ORDER

AND NOW, this 13th day of May, 2004, the order of the Workers' Compensation Appeal Board, dated September 11, 2003, at REH 6586, is affirmed.