IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Dixon,                            :
                          Petitioner     :
                                         :
            v.                           :
                                         :
Workers' Compensation Appeal             :
Board (Medrad, Inc.),                    :     No. 2277 C.D. 2015
                         Respondent      :     Submitted: July 15, 2016


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: October 21, 2016


            Edward Dixon (Claimant) petitions this Court for review of the
Workers' Compensation (WC) Appeal Board's (Board) October 14, 2015 order
affirming the Workers' Compensation Judge's (WCJ) decision denying Claimant's
Petition for Utilization Review (UR Petition) and Petition for Penalties (Penalty
Petition) against Medrad, Inc. (Employer).  The issues before this Court are: (1)
whether the WCJ erred in denying Claimant's UR Petition when Employer failed to
serve a copy of the review request upon Claimant's counsel; (2) whether the WCJ
erred by denying Claimant's Penalty Petition; and, (3) whether the WCJ erred by not
awarding attorney's fees.  After review, we affirm.

            On December 26, 2002, Claimant suffered a work-related cervical strain
when he slipped and fell on snow.  Claimant received weekly WC benefits pursuant
to a notice of temporary compensation payable that was later converted to a notice of
compensation payable (NCP) by operation of law.  By January 9, 2013 WCJ decision,

Claimant was awarded 30 weeks of disfigurement benefits relating to his cervical surgery scar. *See* Reproduced Record (R.R.) at 21a-22a. The WCJ's January 9, 2013 decision also suspended Claimant's wage loss benefits effective July 25, 2011, due to his refusal of work offered within his physical abilities. *See* R.R. at 9a-22a. However, Employer remained responsible for Claimant's reasonable and necessary medical bills. Attorney Nariman P. Dastur (Attorney Dastur) represented Claimant at the suspension proceeding.

On January 22, 2013, Employer filed a Utilization Review Request (UR Request) with the Department of Labor and Industry's Bureau of Workers' Compensation (Bureau) for review of Claimant's office visits, physical therapy, chiropractic treatment, pain management, and all prescription medications provided by Jeffrey Reyer, D.O. (Dr. Reyer) beginning November 13, 2012. *See* R.R. at 100a-102a. The UR Request (Form LIBC-601) listed Claimant's and Dr. Reyer's names and addresses,[1] but did not list the name and address of Claimant's or Employer's counsel in the designated spaces. *See* R.R. at 100a.

The Bureau assigned Employer's UR Request to utilization review organization Rehabilitation Planning, Inc. (URO). *See* R.R. at 109a. The Bureau's January 29, 2013 Notice of Assignment of Utilization Review Request (Notice) reflects that Claimant was advised of the assignment, and was further informed:

> NOTICE TO EMPLOYEE: **You may submit a written [p]ersonal [s]tatement** to the [URO] shown on this Notice. See enclosed "Notice to Injured Employee" for instructions. **You may have an attorney assist you in preparing your written personal statement**. If the determination of this Utilization Review is that your treatment under review is unreasonable or unnecessary[,] it may result in these

---

[1] Claimant's postal address was changed due to the installation of a new 9-1-1 system. Claimant's residence, however, remained the same. *See* R.R. at 86a-87a. The January 9, 2013 WCJ decision was mailed to Claimant's current postal address. *See* R.R. at 9a, 100a.

treatments not being paid. When you receive the Determination, you may appeal the results in accordance with the instructions you receive on the Utilization Review Determination Face Sheet [(UR Face Sheet)] (LIBC-604).

R.R. at 109a (emphasis added). The Notice was also sent to Dr. Reyer with the following instructions:

> NOTICE TO HEALTH CARE PROVIDER: You must provide all necessary records to the URO within thirty (30) days of the date of its request. If you fail to do so, the URO may proceed with its review, resulting in a determination against your interest. You, or your agent, must verify that, to the best of your knowledge, the medical records provided to the URO constitute the true and complete medical chart as it related to [Claimant's] work injury.

R.R. at 109a.

According to the UR Face Sheet, the URO received the assignment from the Bureau on January 29, 2013. The UR Face Sheet contains the following question: "Was an employee statement received?" The "No" box was checked. R.R. at 103a. Michael Ziev, D.O. (Dr. Ziev) evaluated Employer's UR Request for the URO.

On April 4, 2013, Dr. Ziev issued the following Utilization Review Determination (UR Determination):

> **Reasonableness and Necessity of Treatment Under Review**
>
> *Reasonable and Necessary Care*: . . .
>
> Office visits 12/26/2012 and 1/23/2013 for medication renewals - only these dates
>
> Oxycodone HCL 15mg # 120 one tablet every 6 hours as needed for pain - 12/26/2012 and 1/23/2013 - only.
>
> *Unreasonable and Unnecessary Care*: . . .
>
> Any and all care not specifically mentioned above.

R.R. at 106a. The UR Determination specified that Dr. Reyer "did *not* request a phone consultation," and that Claimant did not submit a statement for review. R.R. at 106a.

On May 2, 2013, Attorney Dastur timely filed the UR Petition, appealing from Dr. Ziev's UR Determination on Claimant's behalf. *See* R.R. at 32a-33a. On the same day, Attorney Dastur filed the Penalty Petition, wherein Claimant averred that "Employer has violated Section 127.452(b) of the Bureau's Regulations[, 34 Pa. Code § 127.452(b),] by failing to notify Claimant's counsel of its UR Request." R.R. at 24a. Employer filed an answer to Claimant's Penalty Petition, stating therein:

> Denied in part, the out[-]of[-]state claims representative did not knowingly or intentionally omit [Claimant's] counsel and [E]mployer['s] counsel information from the LIBC[-]601 form, as the claim representative was unfamiliar with this form[.] [T]he form was not completely prepared[,] however[,] the [UR Request] was accepted by the [Bureau] and assigned to a [URO]. The medical provider [(Dr. Reyer)] received the [UR Request], the [Notice] and the [UR Determination] in a timely fashion. As [Claimant] filed a timely [UR Petition,] [his] rights were not compromised or infringed. There is no prejudice to [Claimant] and/or [Dr. Reyer].

R.R. at 29a.

Claimant's UR Petition and Penalty Petition were consolidated for purposes of litigation and decision. WCJ hearings were held on June 21 and September 27, 2013 and January 24, 2014. The record was closed on February 24, 2014. By July 9, 2014 decision, the WCJ denied and dismissed Claimant's UR Petition and Penalty Petition. Claimant appealed to the Board which, on October 14, 2015, affirmed the WCJ's decision. Claimant appealed to this Court.[2]

---

[2] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

4

Initially, Section 306(f.1)(1)(i) of the WC Act (Act)[3] requires employers to pay "for reasonable surgical and medical services, services rendered by physicians or other health care providers . . . medicines and supplies, as and when needed." 77 P.S. § 531(1)(i). Employers must pay a claimant's medical bills within 30 days of receiving them, "unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to [Section 306(f.1)(6) of the Act, 77 P.S. § 531(6)]." 77 P.S. § 531(5). Section 306(f.1)(6) of the Act provides:

> Except in those cases in which a [WCJ] asks for an opinion from peer review under [S]ection 420 [of the Act, 77 P.S. §§ 831, 832], disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:
>
> (i) The reasonableness or necessity of all treatment provided by a health care provider under this [A]ct may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The [D]epartment shall authorize [UROs] to perform utilization review under this [A]ct. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review. Organizations not authorized by the [D]epartment may not engage in such utilization review.
>
> (ii) The [URO] shall issue a written report of its findings and conclusions within thirty (30) days of a request.
>
> (iii) The employer or the insurer shall pay the cost of the utilization review.
>
> (iv) If the provider, employer, employe or insurer disagrees with the finding of the [URO], a petition for review by the [D]epartment must be filed within thirty (30) days after receipt of the report. The [D]epartment shall assign the petition to a [WCJ] for a hearing or for an informal

Claimant is not challenging the merits of the UR Determination. *See* Pet. for Review; *see also* Board Op. at 3.

[3] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1 - 1041.4, 2501-2708.

5

conference under [S]ection 402.1 [of the Act, 77 P.S. § 711.1[4]]. The utilization review report shall be part of the record before the [WCJ]. The [WCJ] shall consider the utilization review report as evidence but shall not be bound by the report.

77 P.S. § 531(6).

Claimant argues that since Employer's failure to serve Claimant's counsel with the UR Request violated Section 127.452 of the Bureau's Regulations and, thus, invalidated the UR Determination, the WCJ erred by denying Claimant's UR Petition and Penalty Petition. Specifically, Claimant contends that "[b]y depriving [C]laimant's counsel [of] the opportunity to discuss the legal significance of the UR Request, . . . [Employer] significantly increased the likelihood that [Dr. Reyer's] treatment would be found unreasonable and unnecessary." Claimant Br. at 13. Moreover, Claimant asserts that the Claimant's personal statement or a telephone conference with Dr. Reyer "may have persuansed [sic] the reviewer to reach a different determination." Claimant Br. at 13. We disagree.

Section 306(f.1)(6) of the Act does not specify the manner in which a UR Request (Form LIBC-601) is to be completed. However, Section 127.452 of the Bureau's Regulations states, in pertinent part:

> (a) A party seeking [utilization review] of treatment rendered under the [A]ct shall file the original and 8 copies of a form prescribed by the Bureau as a [UR Request]. **All information required by the form shall be provided**. If available, the filing party shall attach authorizations to release medical records of the providers listed on the request.
>
> (b) **The [UR Request] shall be served on all parties and their counsel, if known**, and the proof of service on the form shall be executed. If the proof of service is not executed, the [UR Request] will be returned by the Bureau.

---

[4] Added by Section 13 of the Act of June 24, 1996, P.L. 350.

(c) [UR Requests] shall be sent to the Bureau at the address listed on the form.

(d) The [UR Request] shall identify the provider under review. . . .

34 Pa. Code § 127.452 (emphasis added). Section 127.453(b) of the Bureau's Regulations also directs: "**The Bureau will send a notice of assignment of the** [**UR Request**] **to** the URO; the employe; the employer or insurer; the health care provider under review; and **the attorneys for the parties, if known**." 34 Pa. Code § 127.453(b) (emphasis added).

Employer did not present evidence proving that it served the UR Request upon Claimant's counsel. Claimant testified at the September 27, 2013 WCJ Hearing that the only document he received from Avizent[5] regarding Employer's UR Request was a form that, by his understanding, requested the names of his doctors. *See* R.R. at 82a, 85a-86a, 88a-91a. Claimant explained that he wrote names of his doctors, including Dr. Reyer, on the form and returned the form to Avizent. *See* R.R. at 82a-82a, 88a, 90a-91a. When asked if he received Employer's UR Request, Claimant responded: "I do not remember this document." R.R. at 86a. Relative to the Bureau's Notice, Claimant related: "I don't recollect this. I received several documents. . . . I got everything in a file at my home. But to tell you I received this, I can't tell you I did." R.R. at 88a. When Claimant was asked if he received the UR Determination, he stated: "I do not know if I received this document." R.R. at 89a.

Claimant nevertheless admitted that Employer's UR Request, the Bureau's Notice and the UR Determination were properly addressed to him at his new address, and that he has received all of the Bureau's other documents at that address. *See* R.R. at 87a-88a. Claimant declared that, with the exception of the utilization request form he completed and returned to Avizent, he forwarded all of the

---

[5] Employer's WC insurer/administrator was Avizent/Frank Gates Service Co. Avizent subsequently became York Risk Services Group.

documents he has received to Attorney Dastur either by mail or facsimile transmittal. *See* R.R. at 92a. At the January 27, 2014 WCJ hearing, Attorney Dastur presented copies of the documents Claimant faxed to him regarding the utilization review at issue in this litigation. *See* Original Record, Notes of Testimony, January 27, 2014 at 10-11. The documents reflect that Claimant faxed the Face Sheet and the UR Determination to Attorney Dastur on May 2, 2013.

The WCJ made the following relevant finding:

Based upon the entire evidence of record, including [Claimant's] live testimony and demeanor, I specifically reject the testimony of [Claimant] as to whether or not he received [Employer's] filing of the [UR Request] or [Notice] as not being credible, convincing or persuasive. [Claimant] received the [Face Sheet] . . . and my [January 9, 2013 decision], as well as all of the hearing notices[,] as all of these documents properly listed [Claimant's] correct name and address. [Claimant's] testimony [] that he merely did not remember receiving them is not convincing or persuasive. . . . Additionally, I reject [Claimant's] counsel's legal argument that the [UR] Determination must be vacated due to the [Employer's] violation of Section 127.452(b) of the Bureau['s] Regulations that the [UR Request] shall be served on all parties and their counsel, if known, and the proof of service on the form shall be executed and if the proof of service is not executed, the [UR Request] will be returned by the Bureau. Although I agree that [Employer] made a technical violation of this [s]ection by not completing paragraphs #3 and #6 of the [UR Request] as to [Claimant's] counsel and [Employer's]' counsel's names and addresses which were obviously known and identified in the circulation of my [January 9, 2013 decision], [when] [it] fil[ed] the [UR Request] received by the Bureau on January 22, 2013. [sic] I appreciate [Claimant's] counsel's legal arguments of the reasons why claimant[s'] counsels must be listed on the [UR Request] Form, although he misses the point that I have found as a fact that [Claimant] was, in fact, properly notified by [Employer] of its filing of the [UR Request] and by the Bureau's filing of the [Notice,] which negates [Claimant's] counsel's arguments. Furthermore, [Claimant]

8

at his own choice then did not submit an Employee Statement and furthermore, the provider under review (Dr. Reyer) did not request a phone consultation for consideration by the utilization reviewer.

R.R. at 6a-7a.

Neither the Board nor the Court may reweigh the evidence or the WCJ's credibility determinations. *Sell v. Workers' Comp. Appeal Bd. (LNP Eng'g)*, 771 A.2d 1246 (Pa. 2001). In addition, "Section 422(a) [of the Act] does not permit a party to challenge or second-guess the WCJ's reasons for credibility determinations. Unless made arbitrarily or capriciously, a WCJ's credibility determinations will be upheld on appeal." *Dorsey v. Workers' Comp. Appeal Bd. (Crossing Constr. Co.)*, 893 A.2d 191, 195 (Pa. Cmwlth. 2006) (citation omitted). This Court has stated:

> '[I]t is irrelevant whether the record contains evidence to support findings other than those made by the WCJ; the critical inquiry is whether there is evidence to support the findings actually made.' [*Minicozzi v. Workers' Comp. Appeal Bd. (Indus. Metal Plating, Inc.),* 873 A.2d 25, 29 (Pa. Cmwlth. 2005)] (quoting [*Del. Cnty.*] *v. Workers' Comp. Appeal Bd. (Baxter Coles),* 808 A.2d 965, 969 (Pa. Cmwlth. 2002)). We review the entire record to determine if it contains evidence a reasonable mind might find sufficient to support the WCJ's findings. If the record contains such evidence, the findings must be upheld even though the record contains conflicting evidence.

*Lahr Mech. v. Workers' Comp. Appeal Bd. (Floyd)*, 933 A.2d 1095, 1101 (Pa. Cmwlth. 2007) (citation omitted). Moreover, this Court has held:

> 'Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion.' *Waldameer Park, Inc. v. Workers' Comp. Appeal Bd. (Morrison),* 819 A.2d 164, 168 (Pa. Cmwlth. 2003). 'In performing a substantial evidence analysis, this court must view the evidence in a light most favorable to the party who prevailed before the factfinder.' *Id.* 'Moreover, we are to draw all reasonable inferences which are deducible from the evidence in support of the factfinder's decision in favor of that prevailing party.' *Id.*

9

*3D Trucking Co., Inc., v. Workers' Comp. Appeal Bd. (Fine & Anthony Holdings Int'l)*, 921 A.2d 1281, 1288 (Pa. Cmwlth. 2007).

Here, the Board upheld the WCJ's decision dismissing Claimant's UR Petition, stating:

> Upon review, the WCJ did not err in his denial of the UR Petition on the basis that Claimant's counsel was not served with a copy of the UR Request. Here, the WCJ found that Claimant did receive such service, and that to the extent Claimant and the provider proceeded absent any advice of counsel, no prejudice was established. (Finding of Fact 11). Based on the Court's statements in *Gallie* [*v. Workers' Compensation Appeal Board (Fichtel & Sachs Indus.)*, 859 A.2d 1288 (Pa. 2004)], related to a claimant who had received required service of a document and who proceeded without advice of counsel in the absence of service having been made to the claimant's counsel, where no prejudice was found, we cannot agree the WCJ erred in finding no prejudice. Furthermore, in the usual circumstance, the courts have held that a finding concerning the existence of prejudice is for the WCJ, and is not to be overturned on appeal. [*US Airways v. Workers' Comp. Appeal Bd. (McConnell)*, 870 A.2d 418 (Pa. Cmwlth. 2005)].
>
> Moreover, we understand that where a remedy is sought based on an allegation of a lack of service, the party alleging the lack of service is to further assert a lack of actual knowledge of the filing of the document, with that lack of actual knowledge resulting in prejudice. *See generally*, as persuasive authority, the unpublished Commonwealth Court decision in *Cadena v.* [*Workers' Comp. Appeal Bd.*] *(Acme Mkts., Inc.)*, (Pa. Cmwlth., No. 1592 C.D. 2014, filed March 25, 2015) (wherein the claimant's counsel asserted that he had not been served with a termination petition and that he became aware of the filing of that petition during the taking of a deposition, and was prejudiced during the deposition). Claimant's counsel on [a]ppeal asserts that the *lack of service* to him of the UR Request resulted in prejudice; however, we find no basis for assigning error to the WCJ, as we see no indication that Claimant's counsel on [a]ppeal has asserted a *lack of actual knowledge on his part of the filing of the UR Request*, with

10

prejudice arising from that lack of actual knowledge. *See Fraisar* [*v. Gillis*, 892 A.2d 74 (Pa. Cmwlth. 2006)]; *Cadena*. No error was committed.

Board Op. at 7-8.

It is clear based on this record that Employer (itself and/or by and through its insurer/administrator) was aware that Attorney Dastur represented Claimant at the time the UR Request was filed. Employer's failure to properly complete the UR Request form with that information violated Section 127.452(b) of the Bureau's Regulations. However, under the specific circumstances of this case, we cannot conclude that Employer's error requires this Court to invalidate the UR Determination.

First, neither Section 306(f.1)(6) of the Act, nor Section 127.452(b) of the Bureau's Regulations mandate such a result. Second, the record supports the WCJ's conclusion based upon his credibility determinations that Claimant received the UR Request, the Notice and the UR Determination. Third, the Notice clearly informed Claimant that he "may have an attorney assist [him] in preparing [his] written personal statement." R.R. at 109a. Fourth, in light of Claimant's receipt of the relevant documents, the fact that Attorney Dastur did not receive them directly from the Bureau did not prejudice Claimant. *Gallie*. Accordingly, we hold that the Board did not err by affirming the WCJ's denial of Claimant's UR Petition.

Next, Claimant asserts that the WCJ erred by denying Claimant's Penalty Petition. We disagree. Section 435(d) of the Act provides, in relevant part:

> The [D]epartment, the [B]oard, or any court which may hear any proceedings brought under this [A]ct shall have the power to impose penalties as provided herein for violations of the provisions of this [A]ct or such rules and regulations or rules of procedure:
>
> > (i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable:

11

> [p]rovided, however, [t]hat such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

77 P.S. § 991(d).[6] However, "**the imposition of a penalty and the amount of the penalty are discretionary** and absent an abuse of discretion by the WCJ or the Board will not be overturned on appeal." *Crucible, Inc. v. Workers' Comp. Appeal Bd. (Vinovich)*, 713 A.2d 749, 753 (Pa. Cmwlth. 1998) (emphasis added).

> Here, the WCJ found:

> In dismissing the [Claimant's] Penalty Petition, I find that there are insufficient grounds to assess a penalty for a de[]minimis non-compliance with the [Bureau's] Regulations and that the [Claimant] did not establish prejudice as a result thereof. Likewise, I find as a fact that [Employer] had a reasonable basis to contest the [Claimant's] Penalty and [UR] Petitions as there [] was a legitimate legal issue involved and the [Employer's] contest was not frivolous or to harass the [Claimant]. Furthermore, an [Employer's] contest is not unreasonable as a matter of law whenever a violation of the Act or . . . Regulations is established as held in the case of *Hough v. [Workers' Compensation Appeal Board] (AC &T Companies)*, 928 A.2d 1173 (Pa. Cmwlth. 2000) as rather each case must be decided on its own facts to determine whether an [E]mployer's contest was reasonable.

R.R. at 7a. The Board stated:

> The WCJ found that while a technical violation occurred, it was *de minim*[*i*]*s*, and awarded no penalty. (Finding of Fact 11).

> Upon review, we cannot conclude the WCJ erred in determining that a penalty was not appropriate on the basis that the violation was *de minim*[*i*]*s*. Because the assessment of a penalty and the amount of the penalty are within the

---

[6] Added by Section 3 of the Act of February 8, 1972, P.L. 25.

12

WCJ's discretion, and we find no abuse of discretion, we cannot agree the WCJ erred.

Board Op. at 8-9. Finding no error in either the Board's or the WCJ's reasoning or conclusions, we hold that the Board did not err by affirming the WCJ's denial of Claimant's Penalty Petition.

Lastly, Claimant contends that the WCJ erred by not awarding Claimant attorney's fees. We disagree. Section 440(a) of the Act provides:

> In any contested case where the insurer has contested liability in whole or in part . . . the employe . . . in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee . . . [p]rovided, [t]hat cost for attorney['s] fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996(a).[7] Accordingly, under Section 440 of the Act, an award of attorney's fees to **a prevailing claimant** is mandatory, unless the employer can establish a reasonable basis for its contest. *Bell's Repair Serv. v. Workers' Comp. Appeal Bd. (Murphy, Jr.)*, 850 A.2d 49 (Pa. Cmwlth. 2004). Because Claimant's UR Petition and Penalty Petition were unsuccessful, Claimant is not entitled to attorney's fees and, therefore, the WCJ did not err by not awarding them.

Because the Board did not err by affirming the WCJ's decision, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[7] Added by Section 3 of the Act of February 8, 1972, P.L. 25.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Dixon,                                          :
                                    Petitioner         :
                                                       :
                    v.                                 :
                                                       :
Workers' Compensation Appeal                           :
Board (Medrad, Inc.),                                  :     No. 2277 C.D. 2015
                                    Respondent         :

## O R D E R

AND NOW, this 21st day of October, 2016, the Workers' Compensation Appeal Board's October 14, 2015 order is affirmed.

_____
ANNE E. COVEY, Judge